NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KENIA PATRICIA BRAN-BARAHONA; MARVIN OBED REYES BRAN; G.M.T.B., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 25-3234 <br><br> Agency Nos. <br> A202-029-522 <br> A202-029-524 <br> A202-029-523 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2026[**]
Pasadena, California

Before: BENNETT, KOH, and MENDOZA, Circuit Judges.

Kenia Patricia Bran-Barahona ("Bran-Barahona") and her two children,

Marvin Obed Reyes Bran and G.M.T.B., (collectively, "Petitioners") petition for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review of a Board of Immigration ("BIA") decision dismissing Petitioners' appeal from the decision of an Immigration Judge ("IJ") denying Bran-Barahona's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and the children's derivative asylum applications and separate applications for withholding of removal and relief under CAT. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition.[1]

"Where [] the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027-28 (9th Cir. 2019). Our "review is limited to those grounds explicitly relied upon by the Board." *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016). We review the agency's factual findings, including whether an applicant has a well-founded fear of future persecution, for substantial evidence. *Urias-Orellana v. Bondi*, 146 S. Ct. 845, 851 (2026). Under the substantial evidence standard, the agency's factual findings are conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1.     The BIA found that Bran-Barahona "cannot establish eligibility for asylum or withholding of removal" because Bran-Barahona "did not establish

---

[1] Because Marvin is now 23 years old, he can no longer qualify as a derivative applicant on Bran-Barahona's asylum application. *See* 8 U.S.C. §§ 1101(b)(1)(A), 1158(b)(3)(A).

2

[that] she experienced past persecution or [has] a well-founded fear of future persecution." "To demonstrate a well-founded fear of future persecution, the [applicant] must establish that her fear is both subjectively genuine and objectively reasonable." *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007). The BIA found that Bran-Barahona does not have a well-founded fear of future persecution because her fear is not objectively reasonable based on the following three reasons. First, Bran-Barahona did "not provide evidence of a particularized threat of future harm." Second, Bran-Barahona did not provide "evidence that other family members have been harmed by gang members." Third, Bran-Barahona "provided insufficient evidence that anyone would still be interested in harming her."[2] We address each in turn.

First, contrary to the BIA's finding, Bran-Barahona provided ample evidence of "a particularized threat of future harm." Members of a gang killed Bran-Barahona's husband because he witnessed the murder of Bran-Barahona's uncle. Thereafter, Bran-Barahona started to receive death threats from the gang members, who demanded that she tell them what she knew about her uncle's death. For example, on February 14, 2014, Bran-Barahona received a note at her flower store stating, "we [will] kill you bitch." Then, between February and May 2014,

---

[2] It is unclear whether the BIA adopted the IJ's reasoning or was merely describing it for background. We assume the BIA adopted the IJ's reasoning.

she received three to five more notes with death threats at her store, and the walls of her store were tagged with a death threat. A death threat was also left at the location where a gang murdered Bran-Barahona's late husband, where he was building a new home. During the same time period, gang members repeatedly visited Bran-Barahona's store, asked her store clerk when Bran-Barahona would open or close the store, and asked surrounding businesses for Bran-Barahona's whereabouts. Then, in late May or June 2014, Bran-Barahona received a threatening phone call in which the caller told her "that they knew where [her] children went to school, what their schedules were, and that they knew the taxi driver who drove [her] children to school." The caller "also told [her] that they would rape [her] niece Jocelyn, and kill and deliver [her] children in pieces." On June 26, 2014, Bran-Barahona fled Honduras with her children. After fleeing, Bran-Barahona's store was broken into and vandalized and, in October 2015, her bedroom with her belongings in her former home in Honduras was ransacked. Her bedroom walls and family photos were graffitied with "Soon you will die." These specific threats against Bran-Barahona compel the conclusion, contrary to the BIA's finding, that Bran-Barahona provided evidence of a "particularized threat of future harm."

Second, the ongoing safety of Bran-Barahona's family members in Honduras is inapposite in this case because Bran-Barahona does not allege, and the

4

BIA did not find, that Bran-Barahona's family members are similarly situated or subject to a similar risk as Bran-Barahona. *See Lim v. INS*, 224 F.3d 929, 935 (9th Cir. 2000) (holding that evidence of "ongoing family safety [] mitigate[s] a well-founded fear, particularly where the family is similarly situated to the applicant and thus presumably subject to similar risk"); *Aruta v. INS*, 80 F.3d 1389, 1395 (9th Cir. 1996) (reasoning that evidence of the safety of petitioner's similarly situated sister mitigated the objective reasonableness of petitioner's fear of future persecution where petitioner's claim was based on their father's profession). Moreover, no case supports imposing on a petitioner the burden to produce "evidence that other family members have been harmed by gang members," as the BIA did in this case.

Third, substantial evidence does not support the IJ's reasoning, which the BIA arguably adopted, that Bran-Barahona "provided insufficient evidence that anyone would still be interested in harming her." Although the IJ and the BIA did not cite any case law supporting this reasoning, the government on appeal cites *Sharma v. Garland*, 9 F.4th 1052 (9th Cir. 2021), which in turn relied on *Prasad v. INS*, 47 F.3d 336 (9th Cir. 1995); and *Lanza v. Ashcroft*, 389 F.3d 917 (9th Cir. 2004). These cases are inapposite because Bran-Barahona received specific and individualized threats even after fleeing Honduras, Bran-Barahona never freely traveled to and from Honduras, Bran-Barahona did not remain safely in Honduras

5

for years after the threats against her, and there is no evidence that similarly situated individuals remain unharmed in Honduras. *Cf. Sharma*, 9 F.4th at 1065-66; *Prasad*, 47 F.3d at 339; *Lanza*, 389 F.3d at 934-35.

Instead, the threats Bran-Barahona and her children received compel the conclusion that Bran-Barahona has shown "an objective basis for fear of [future] persecution." *Kaiser v. Ashcroft*, 390 F.3d 653, 658 (9th Cir. 2004). "Threats on one's life, within a context of political and social turmoil or violence, have long been held sufficient" to show an objectively reasonable fear of future persecution, especially if "the group making the threat has the will or the ability to carry it out." *Id.* (citation modified). In this case, the gang that repeatedly and specifically threatened Bran-Barahona and her children had already murdered Bran-Barahona's uncle and husband, demonstrating that the gang has the "will and the ability to carry out the threats made against" her. *Id.* at 659. Thus, the evidence compels the conclusion that Bran-Barahona's fear of future persecution is objectively reasonable.

Because the BIA's finding that Bran-Barahona's fear of future persecution is objectively unreasonable was the BIA's sole basis for denying Bran-Barahona's asylum and withholding of removal claims, we remand both claims to the agency for further proceedings. *See Lopez v. Ashcroft*, 366 F.3d 799, 806 (9th Cir. 2004) ("[A] court of appeals should remand a case to an agency for a decision of a matter

6

that statutes place primarily in agency hands." (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam))).[3]

2. We also remand Bran-Barahona's CAT protection claim. To be eligible for CAT protection an applicant must establish that "it is more likely than not that he or she would be tortured if removed." 8 C.F.R. § 1208.16(c)(2). Similar to Bran-Barahona's asylum and withholding of removal claims, the BIA found that there is no indication that "anyone in Honduras would seek to torture" Bran-Barahona and her children because "generalized evidence of violence [] is insufficient to establish CAT eligibility." As explained, the record compels the conclusion that Bran-Barahona received particularized death threats, which is more than "generalized evidence" of violence. On remand, the BIA must decide in the first instance whether the threatened harm constitutes torture, whether torture is more likely than not, and whether those threatening Bran-Barahona act with the acquiescence of the government, as is required for CAT protection. *See Lopez*, 366 F.3d at 806-07 (remanding to the BIA to determine in the first instance whether the government had shown a change in country conditions); *Dhital v. Mukasey*, 532

---

[3] We do not address Petitioners' claimed particular social groups and whether Bran-Barahona could safely relocate within Honduras because the BIA explicitly declined "to address the remaining appellate arguments related to [asylum and withholding of removal], including arguments related to respondents' proffered particular social groups." Thus, these issues are not before us. *See Budiono*, 837 F.3d at 1046; *Lopez*, 366 F.3d at 806.

F.3d 1044, 1051 (9th Cir. 2008) (per curiam) (describing the requirements for CAT relief).

**PETITION GRANTED.**[4]

---

[4] The motion for a stay of removal (Dkt. No. 2) is granted.